UNITED STATES DISTRICT COURT DISTRICT OF NEW HAMPSHIRE

CARL ALEXANDER COHEN,

      Plaintiff,                          Civil Action No. 1:20-cv-00943

v.

BOSTON SCIENTIFIC CORPORATION;
REPUBLIC SURGICAL, INC.;
MEDWORX, INC.; ALEXANDRE R.
MOUCHATI; DOES 1-20, inclusive; and
DOE ENTITIES 11-20, inclusive,

      Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT ALEXANDRE R. MOUCHATI WITH PROCESS

      At the outset of this case, Plaintiff attempted service on Mr. Mouchati but was unable to locate him due to a change in employment and a lack of information as to his correct identity.  (Ex. A, Sheriff Non-EST Return).  This inability to originally locate him, together with the subsequent procedural course this action took (including removal to federal court, the filing of an amended complaint, and Mr. Mouchati's full participation in this case through counsel), resulted in a service of process oversight.  This issue has been corrected, however, as Mr. Mouchati has now been properly served with in-hand process in this action. (Ex. B, Process Service; filed as Doc. 41).

      Fed. R. Civ. P. 4(m) provided an automatic 90 days from removal to effect service of process.  That deadline would have been December 9, 2020.  Based on the facts of this case, Plaintiff respectfully requests that the Court extend that service of process deadline **to March 17, 2021**, the date of actual service in this case.  As set forth herein, the Federal Rules allow this Court to extend the deadline in this manner to remedy this procedural deficiency so that the case may proceed on its merits.

1

**Factual Background**

*Case Facts*.  This is a product liability action arising out of defects in a GreenLight XPS Laser System manufactured by Boston Scientific and distributed and provided by Republic Surgical, Inc. and/or Medworx, Inc., Defendant Mouchati's former employers.  The subject machine was utilized on Mr. Cohen during his July 27, 2018 photoselective vaporization of the prostate (PVP) procedure**.** (Amended Complaint, Doc. 11, ¶19).  During the surgery, the laser fiber of the GreenLight Laser System fractured and the device's metal cap detached and had to be extracted from Mr. Cohen's body. (Doc. 11, ¶20).  During the PVP procedure, Defendant Alexandre Mouchati was present at and oversaw the subject machine. (Doc 11, ¶19).  As a result of the GreenLight XPS Laser System and the Defendants' negligence, Plaintiff Alex Cohen's urinary system was destroyed, he had to undergo extensive reconstructive surgery, and he is now in constant pain, has a permanent urostomy bag, and suffers from permanent incontinence and impotence. (Doc. 11, ¶¶22, 23).

*Procedural Background*.  This case was filed in Strafford Superior Court on July 23, 2020, naming, among others, Defendant "Alex Muchati."  This version/spelling of Mr. Alexandre R. Mouchati's name was provided to Plaintiff's counsel by Wentworth-Douglas Hospital, the only entity with access to information about Mr. Mouchati and about his connection to this case.  Plaintiff attempted service on "Alex Muchati" at his last-known business address, but he could not be located there. (Ex. A, Sheriff Non-EST Return).  A search thereafter for a residential address was unsuccessful because of the unknown misspelling of his name.  The other defendants were successfully served while the case remained in state court.  The case was thereafter removed to this Court on September 10, 2020 by Defendant Boston Scientific (Doc. 1).  The state-court deadline for service was September 10, 2020 (the same day as removal), so at the time of removal

that deadline has not yet expired. (Doc. 1-1. p. 36, showing state court service deadline).  As such, the service deadlines at issue here are governed by the Federal Rules. *See*, 28 U.S.C.A. § 1448; Fed. R. Civ. P. 81(c); Fed. R. Civ. P. 4(m).[1] On November 2, 2020, following discussions with Mr. Mouchati's counsel about his misnamed/misidentified clients, Plaintiff filed a First Amended Complaint that included, among other amendments, correct reference to Mr. Alexandre R. Mouchati. (Doc. 11).

Defendant Mouchati filed an Answer to the First Amended Complaint on November 17, 2020. (Doc. 13).  He has also engaged in discovery, including serving initial disclosures and propounding substantive interrogatories and requests for production on Plaintiff. (*See*, Ex. D, Defendant Alexandre Mouchati's December 18, 2020 Initial Disclosures; Ex. E, Defendant Alex Mouchati's First Set of Interrogatories to Plaintiff; Ex. F, Defendant Alex Mouchati's First Request for Production of Documents to Plaintiffs). Defendant Mouchati further participated, through his counsel, in the Fed. R. Civ. P. 26(f) conference and in preparing the resulting court-filed pleading (Doc. 30, Discovery Plan).  On March 3, 2021, Defendant Mouchati filed a motion to dismiss based on insufficient service of process (Doc. 36) and Plaintiff filed a response to that motion on March 17, 2021. (Doc. 39; Doc. 40).[2]

---

[1] *See also, Wallace v. Microsoft Corp.*, 596 F.3d 703, 706–07 (10th Cir. 2010) (holding the Plaintiff in a removed case had the additional full timeframe under Rule 4(m) in which to perfect service, recognizing that "[a]fter the removal of an action from state court ... the case will proceed as if it originally had been brought in the federal court. Thus, it has been settled by numerous cases that the removed case will be governed by the Federal Rules of Civil Procedure and all other provisions of federal law relating to procedural matters"); *Lee v. City of Fayetteville*, No. 5:15-CV-638-FL, 2016 WL 1266597, at *3 (E.D.N.C. Mar. 30, 2016) ("Because service had not been perfected at the time of removal, plaintiff was provided an additional 90 days in which to serve process on defendant Fayetteville. Fed. R. Civ. P. 4(m) & 81(c)(1); see also 28 U.S.C. § 1448. That 90-day service window began on the date of removal. See Fed. R. Civ. P. 81(c)(1)"); 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1137 (4th ed. 2015) ("In removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court").

[2] Plaintiff incorporates fully herein his response to that motion to dismiss (Doc. 39; Doc. 40), as it is appliable to this motion for extension of time.

3

### Relief Requested

Defendant Mouchati was formally served with in-hand process on March 17, 2021. (Ex. B; Doc. 41).  Plaintiff now seeks a short extension of time on the service of process deadline, to March 17, 2021, so that this case can proceed to trial on its merits.  This request will not result in the continuance of any hearing, conference, or the trial of this matter.  It will also not result in prejudice to any party.

### Authority and Factual Support

Pursuant to Fed. R. Civ. P. 4(m), Plaintiff respectfully requests that the Court extend the service of process deadline to March 17, 2021, the date of in-hand service on Mr. Mouchati.  (Ex. B; Doc. 41). This controlling statute provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant **or order that service be made within a specified time**. **But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period**.

Fed. R. Civ. P. 4(m) (emphasis added).  In this case, this statute provided an automatic 90 days from removal to effect service of process.  That deadline would have been December 9, 2020.  In circumstances such as this one (where service was not effected within the proscribed time frame), the plain language of this statute provides the Court with wide discretion to extend this deadline and order that service be made within a specified time.  The statute further requires that on a showing of good cause "the court **must** extend the time for service for an appropriate period." (emphasis added).  For numerous reasons, good cause exists here to allow the requested extension.

***Service Has Been Effected***.  Mr. Mouchati was in-hand served with the summons and First Amended Complaint in this action by the Norfolk County Sheriff's Office on March 17, 2021, thus satisfying jurisdictional and procedural requirements. (Ex. B; Doc. 41).  This was not,

however, the first attempt at service in this case. Early in the action, while still pending in state court, Plaintiff attempted service on Mr. Mouchati through the Sheriff.  That attempt, however, was unsuccessful due to Mr. Mouchati's subsequent change in employment (Ex. A) and incorrect information as to his identity prevented acquisition of another service address at that time.

***Defendant Mouchati Has Fully Participated In the Entire Litigation***.  Despite the unsuccessful early service attempt, Mr. Mouchati clearly had actual notice of this lawsuit well within the applicable 90-day deadline, and has had full representation throughout the pendency of this case, including well before the deadline expired.  Indeed, Mr. Mouchati has been fully engaged, through retained counsel, in every aspect of this case.  On November 17, 2020, Defendant Alexandre R. Mouchati filed an Answer to the First Amended Complaint through his counsel of record. (Doc. 13).  He has also engaged in discovery, including serving initial disclosures and propounding substantive interrogatories and requests for production on Plaintiff. (Exs. D, E, and F).  Defendant Mouchati also participated, through his counsel, in the Fed. R. Civ. P. 26(f) scheduling conference and in preparing the resulting court-filed pleading (Doc. 30).  Thus, there is no question Mr. Mouchati has had full and proper notice of the current action at every vital step of the litigation.

***No Prejudice to Mr. Mouchati***.  Importantly, there is zero prejudice to Mr. Mouchati in granting this motion for extension of time.  Mr. Mouchati has (and has had) full notice of this action at all relevant times.  He has been fully represented by counsel since at least early November 2020, which is well within the 90-days for service of process provided by Fed. R. Civ. P.  4(m), and before any substantive actions were taken in this case.  Indeed, as set forth above, he filed an Answer to the Amended Complaint on November 17, 2010, (Doc. 13), provided initial disclosures (Ex. D), served comprehensive written discovery on the Plaintiff (Exs. E and F), participated

through counsel in the Fed. R. Civ. P. 26(f) conference, and assisted in preparing the case schedule and drafting the court-filed document setting the same. (Doc. 30). This full involvement – at all times represented by counsel – makes clear that he has and will not be prejudiced in this litigation, and will not be prejudiced by this now purely procedural request.[3]  This established lack of any prejudice, coupled with the fact that he has now been served (Ex. B; Doc. 41), constitutes good cause to grant the instant motion.

   ***Granting the Extension Will Decrease Delay***.  Granting this motion for extension of time will avoid extensive delay that will otherwise be experienced.  If the claims against Mr. Mouchati are dismissed for failure to comply with the current service of process deadline, Plaintiff would have to bring a renewed action pursuant to the New Hampshire savings statute, N.H. Rev. Stat. Ann. § 508:10.  That statute provides that "[i]f judgment is rendered against the plaintiff in an action brought within the time limited therefor, or upon a writ of error thereon, and the right of action is not barred by the judgment, a new action may be brought thereon in one year after the judgment."  As such, denying this motion will not provide Mr. Mouchati any actual benefit and will only result in *delay* of the case against him, as a new case would be thereafter filed pursuant to this statute.[4]  *See, Adams v. Sullivan*, 110 N.H. 101, 105, 261 A.2d 273, 276 (1970) ("RSA 508:10 was designed to extend and not abridge a plaintiff's opportunity to receive a hearing on the merits. Consequently this saving statute applies to defective service of process…"); *BAL Glob. Fin., LLC v. Gundersen*, No. 16-CV-345-PB, 2016 WL 7367755, at *1 (D.N.H. Dec. 19, 2016) (applying RSA 508:10 to a case pending in federal court).

---

[3] Notably, Mr. Mouchati does **not** argue that he is prejudiced in any manner in his Motion to Dismiss for Failure to Effect Service of Process, Doc. 36.

[4] This case was timely brought prior to the applicable statute of limitations.  *See* Doc. 1-1, pp. 4-35; N.H. Super. Ct. R. CIV 4 ("For purposes of complying with the statute of limitations or analogous time limit, an action shall be deemed commenced on the date the Complaint is filed").

***Defendant Mouchati's Action With Respect to the Parallel Litigation***.    A medical malpractice case against the doctor that performed Mr. Cohen's at-issue surgery, and the hospital where that procedure occurred, is pending in New Hampshire State Court, Strafford Superior Court, Case No. 219-202-CV-00220.  Mr. Mouchati was originally made part of that action.  (Ex. G, medical malpractice complaint).    He was properly served with process in that malpractice action (which arose out of the same set of facts) on October 16, 2020. (Ex. C).  On November 11, 2020, Mr. Mouchati filed a motion to abate and dismiss in the malpractice action. (Ex. H).  The basis for that motion was that similar claims were already pending **in this Court**.  His briefing represented to the state court Judge that "[t]his is not a case where abetment and dismissal will leave the plaintiff without a remedy … The plaintiff will be in exactly the same position to prosecute his allegations against the defendants [including Mr. Mouchati] in U.S. District Court." (Ex H, p. 4).  On this basis and with this understanding, Mr. Mouchati was dismissed from the state court malpractice action.  (Order, Ex. I).  Notably, Mr. Mouchati waited until **after** he obtained a state court dismissal to file a motion to dismiss based on service of process in this case.[5]

***State Court Deadline Had Not Expired***.  At all times this case was pending in state court, the service deadlines had not yet expired.  This case was removed to this Court on November 10, 2020. (Doc. 1).  The state-court service deadline was that same date.  As such, there were no procedural deficiencies prior to removal that need be considered in the context of this motion.

***Good Cause Exists***.  The above-stated facts collectively demonstrate good cause for extending the service of process deadline to the March 17, 2021 actual service date.  *See e.g., United States v. Ayer*, 857 F.2d 881, 885-886 (1st Cir.1988) (upholding trial court's good cause

---

[5] Mr. Mouchati filed a motion to dismiss based on service of process in the malpractice case **in November**, but waited four months (until after he was dismissed in the malpractice case in February 2021) to file the same motion in this action. (Doc. 36).

finding when plaintiff endeavored unsuccessfully to obtain service and no harm befell defendants as a result of the delay, noting there is "nothing to suggest that the delay in service was intentional or that the [plaintiff] stood to benefit from it" and that "[o]n the opposite hand, there has been no meaningful demonstration of any cognizable prejudice resulting to defendants from the passage of additional time").

### The Extension May Be Granted Even in the Absence of a Good Cause Showing

Although the above-stated facts demonstrate good cause for the requested extension, the Court has the right to extend the Fed. R. Civ. P. 4(m) deadline even if it is unconvinced that the such facts rise to the level of "good cause."   For example, the Eleventh Circuit held that "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *Horenkamp v. Van Winkle and Co*., 402 F.3d 1129, 1132 (11th Cir. 2005).   In doing so, the Court noted that a majority of the other circuits that have considered this issue have also held a district court is permitted to "exercise discretion under Rule 4 to extend the time for service of process, even where the plaintiff has not shown good cause for his failure." *Id., citing Mann v. American Airlines*, 324 F.3d 1088 (9th Cir.2003); *Panaras v. Liquid Carbonic Indus. Corp.,* 94 F.3d 338, 340; *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298 (3d Cir.1995); *Thompson v. Brown*, 91 F.3d 20 (5th Cir.1996); *Espinoza v. United States,* 52 F.3d 838 (10th Cir.1995).   The Eleventh Circuit further noted that "[e]ven the Supreme Court, in dicta, concluded that … Rule 4 affords discretion to the district court to extend the time for service even in the absence of good cause." *Id., citing Henderson v. United States*, 517 U.S. 654, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996).

Based on this long-settled authority, this Court may in its discretion extend the subject service deadline as respectfully requested, even in the absence of "good cause."[6]

**WHEREFORE**, based on the foregoing, on the fact that proper service of process has now been effected, and on the complete lack of any prejudice to Defendant Mouchati, Plaintiff respectfully requests that the Court grant him an extension of time, to **March 17, 2021**, to serve Defendant Alexandre Mouchati with process.

Respectfully submitted this 18th day of March 2020.

> /s/Anne M. Dieruf
> Jason W Jordan
> Anne M. Dieruf
> Admitted *Pro Hac Vice*
> Jordan, Herington & Rowley
> 5445 DTC Parkway, Suite 1000
> Greenwood Village, CO 80111
> (303) 766-8153
> jason@jordanlaw.com
> anne@jordanlaw.com
> and
> Benjamin R. Novotny
> NH Bar ID #18041
> Trial Lawyers for Justice
> 421 W. Water Street, 3rd Floor
> Decorah, IA 52101
> (563) 382-5071
> ben@tl4j.com
> and
> Alfred T. Catalfo, III
> NH Bar ID #8135
> Catalfo Law, PLLC
> 466 Central Avenue, Suite 2

---

[6] The 1993 Advisory Committee Notes are also instructive:

> **Subdivision (m).** This subdivision retains much of the language of the present subdivision (j).
> The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision **even if there is no good cause shown**.

Fed. R. Civ. P. 4, 1993 Amendment (emphasis added). *See also, Mann*, 324 F.3d at 1090 ("Rule 4(m) replaced former Rule 4(j) in the 1993 amendments. The current rule requires a district court to grant an extension of time if good cause is shown and permits the district court to grant such an extension even absent good cause. This differs from former Rule 4(j), which did not permit extensions absent good cause.") (internal citations omitted).

P.O. Box 869
Dover, NH 03821-0869
(603) 742-7558
catalfolaw@gmail.com

***Attorneys for Plaintiff***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT ALEXANDRE R. MOUCHATI WITH PROCESS** was electronically filed using the CM/ECF system, which will send notification of such filing to all those registered with the ECF system, including the following counsel of record:

Edward J. Sackman, NH Bar No. 19586
Lauren M. Pritchard, NH Bar No. 271587
Bernstein, Shur, Sawyer and Nelson, P.A.
Jefferson Mill Building
670 North Commercial Street, Ste. 108
P.O. Box 1120
Manchester, NH 03105
Telephone: (603) 623-8700
NSackman@BernsteinShur.com
lpritchard@bernsteinshur.com
*Attorneys for Defendant Boston Scientific Corporation*

Michael J. Carroll
Emily Steeb
Faegre Drinker Biddle & Reath LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
Telephone: 312-212-6500
michael.carroll@faegredrinker.com
emily.steeb@faegredrinker.com
*Attorneys for Defendant Boston Scientific Corporation*

William Joseph Flanagan, #17287
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Phone: 617-439-7500
jflanagan@morrisonmahoney.com
*Attorney for Defendants Republic Surgical, Inc.,*
*Medworx, Inc., and Alexandre R. Mouchati*

/s/Anne M. Dieruf
Anne M. Dieruf
*Attorney for Plaintiff*

11