## STATE OF NEW HAMPSHIRE

| | |
|---|---|
| **STRAFFORD, SS.** | **SUPERIOR COURT** |

C. Alexander Cohen,

Plaintiff,

219-2020-CV-00220

v.

Shilpa Lamba, M.D., Manchester Urology Associates, P.A.,

Wentworth-Douglass Hospital,

Republic Surgical Medworx, Inc., and Alex Muchati,

Defendants.

## COMPLAINT

### PARTIES

1. Plaintiff, C. Alexander Cohen is, and at all times relevant times was, a resident of New Hampshire, residing at 39 South Pine Street, Dover, County of Strafford, State of New Hampshire 03820.

2. Defendant Shilpa Lamba, M.D. is, and at all times relevant hereto was, a physician duly licensed to practice medicine under the laws of New Hampshire, with a principal place of business at Manchester Urology Associates, P.A., 10 Members Way, Suite 402, Dover, County of Strafford, State of New Hampshire 03820.

3. Defendant Manchester Urology Associates, P.A. is, and at all times relevant hereto was, a professional medical association organized, existing and doing business in and under the laws of the State of New Hampshire with a principal place of business at 4 Elliot Way, Suite 200, Manchester, County of Hillsborough, State of New Hampshire 03103.  At all times relevant hereto, Manchester Urology Associates, P.A., held itself out to members of the

public, including the Plaintiff, as employing skilled medical practitioners, including doctors, nurses and other healthcare providers, who were trained and specialized to render certain medical care and treatment of patients, including Plaintiff C. Alexander Cohen.

 4. Defendant Wentworth-Douglass Hospital is, and at all times relevant hereto was, a professional medical association, corporation, facility and hospital, organized, existing and doing business in and under the laws of the State of New Hampshire with a principal place of business at 789 Central Avenue, Dover, County of Strafford, State of New Hampshire 03820. At all times relevant hereto, Wentworth-Douglass Hospital held itself out to members of the public, including the Plaintiff, as employing skilled medical practitioners, including doctors, nurses and other healthcare providers, who were trained and specialized to render certain medical care and treatment of patients, including Plaintiff C. Alexander Cohen.

 5. Defendant Republic Surgical Medworx, Inc., is, and at all times relevant hereto, was a corporation and provider and lessor of medical equipment, and provider and employer of technicians for such equipment, organized, existing and doing business in and under the laws of the Commonwealth of Massachusetts with a principal place of business at 800 Hingham Street, Rockland, County of Plymouth, Commonwealth of Massachusetts 02370.  At all times hereto, Republic Surgical Medworx, Inc., held itself out to members of the public, including the Plaintiff, as providing and leasing safe medical equipment, including the Green XPS Laser used in the treatment of the Plaintiff, and employing and providing skilled and properly trained medical technicians, including Defendant Alex Muchati, trained and specialized to operate said equipment and to render certain medical care and treatment of patients, including Plaintiff C. Alexander Cohen.

6. Defendant Alex Muchati is, and at all times relevant hereto was, a technician employed by Defendant Republic Surgical Medworx, Inc., to operate and supervise the operation of the GreenLight Laser leased by Defendant Wentworth-Douglass Hospital and used in the treatment of the Plaintiff. At all times relevant hereto, Defendant Alex Muchati held himself out to be trained and specialized to operate such equipment and to render certain medical care and treatment of patients, including Plaintiff C. Alexander Cohen. Defendant Alex Muchati's address is 800 Hingham Street, Plymouth County, Commonwealth of Massachusetts 02370.

**UNDERLYING FACTUAL ALLEGATIONS**

7. On or about July 27, 2017, Defendant Shilpa Lamba, M.D., performed a trans-urethral resection of the prostate on Plaintiff C. Alexander Cohen (dob: 4/10/52) using a GreenLight XPS Laser at Wentworth-Douglass Hospital in Dover, New Hampshire, and provided by Defendant Republic Surgical Medworx, Inc. Upon information and belief, Defendant Alex Muchati operated and assisted in the operation of said GreenLight XPS Laser.

8. It was represented to the Plaintiff, by the Defendants, that this was minor and routine surgery. Plaintiff C. Alexander Cohen was released the same day. Dr. Lamba claimed that there were "no complications."

9. Within forty-eight hours after the surgery, Plaintiff C. Alexander Cohen was experiencing fever, chills and extreme pain. He presented to Wentworth-Douglass Hospital and was admitted. He was completely incontinent.

10. On July 31, 2017, Dr. Lamba noted that the Plaintiff had significant pain, malaise, and chills since the procedure.

11. On August 22, 2017, Dr. O'Neill noted that the Plaintiff had significant urinary frequency and leakage since his procedure with Dr. Lamba. These problems persisted into September 2017.

12. On September 20, 2017, Dr. O'Neill noted that the Plaintiff is "status post GreenLight laser with postoperative urinary incontinence." The Plaintiff requested a second opinion.

13. At the Lahey Clinic, Dr. Vanni noted that the Plaintiff had urinary incontinence since his procedure with Dr. Lamba, requiring him to wear 4 pads per day.

14. Dr. Vanni performed a cystoscopy finding significant tissue necrosis (death) in the plaintiff's bladder.

15. On October 20, 2017, Dr. Vanni found necrosis of the prostate floor and severe necrosis of the bladder. That same day a nephrostomy tube was placed by Interventional Radiology.

16. The Plaintiff eventually underwent a supratrigonal cystectomy with ureteroileal conduit, resection of the meckel's diverticulum, bilateral ureteral stents with cystoscopy at the Lahey Clinic.

17. During the operation it discovered that, as a direct and proximate result of the surgical procedure performed by Defendant Lamba, Plaintiff C. Alexander Cohen's urinary system had been completely destroyed by the procedure.

18. Plaintiff C. Alexander Cohen had extensive reconstructive surgery at the Lahey Clinic in Burlington, Massachusetts. However, Mr. Cohen now has a permanent urostomy bag, no sexual function whatsoever, and is in constant pain.

4

19. As a direct and proximate result of the surgical procedure performed by Defendant Lamba, the Plaintiff's life has been completely altered and he has suffered severe and permanent physical injuries and emotional distress.

## COUNTS

### Count I

### Dr. Lamba - Negligence

20. The Plaintiff repeats, re-alleges and incorporates by reference all allegations in the preceding paragraphs as if expressly rewritten and fully set forth herein.

21. On or about July 27, 2017, Defendant Shilpa Lamba, M.D., rendered medical care and treatment to Plaintiff C. Alexander Cohen.

22. On or about July 27, 2017, Defendant Shilpa Lamba, M.D., owed a duty to the Plaintiff to render medical care and treatment in accordance with the applicable standards of care required of healthcare providers under similar circumstances.

23. On or about July 27, 2017, Defendant Shilpa Lamba, M.D., breached her duty to the Plaintiff including, but not limited to, negligently, carelessly, and without regard for Plaintiff's health and well-being, in that she failed to use the GreenLight Laser in a safe and appropriate manner and otherwise failed to ensure that the GreenLight Laser would not cause severe, irreversible and debilitating injuries to Plaintiff C. Alexander Cohen and, as a direct and proximate result of Defendant Shilpa Lamba, M.D.'s negligence, carelessness, unskillfulness, improper care, and violation of the applicable standards of care, the Plaintiff suffered severe, irreversible and debilitating physical and emotional injuries.

24. On or about July 27, 2017, average qualified members of the medical profession practicing Defendant Shilpa Lamba, M.D.'s specialty knew or should have known the risks,

potential consequences and alternatives to Defendant Lamba's recommendation and choice of treatment of Plaintiff C. Alexander Cohen.  On or about July 27, 2017, Defendant Lamba did not inform the Plaintiff of the alternatives to, and risks and potential consequences of, the Defendant Lamba's choice of treatment of the Plaintiff C. Alexander Cohen.  If Defendant Lamba had informed the Plaintiff of the alternatives to, and risks and potential consequences of, Defendant Lamba's recommendation and choice of treatment, neither the Plaintiff nor a reasonable person in their position would have elected the Defendant Lamba's choice of treatment.  The alternatives to, and the risks and potential consequences of, Defendant Lamba's choice of treatment were material to a decision by the Plaintiff and a reasonable person in their position as to whether to undergo the Defendant Lamba's choice of treatment.

25. The injuries suffered by the Plaintiff were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment rendered by Defendant Shilpa Lamba, M.D., including, but not limited to the following:

    a. Defendant Lamba's misrepresentations to the Plaintiff that she was knowledgeable, skillful, and competent to diagnose and treat the Plaintiff's medical condition on or about July 27, 2017;

    b. Defendant Lamba's failure to recognize, or have the knowledge to recognize, her inability and lack of skill to properly and safely treat Plaintiff C. Alexander Cohen, when Defendant Lamba knew or should have known in the exercise of due care, the foreseeable consequences of her inability and failure to properly and skillfully provide Plaintiff C. Alexander Cohen with acceptable medical and surgical services;

c. Defendant Lamba's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the medical profession practicing her specialty;

d. Defendant Lamba's failure to possess or failure to exercise that degree of skill, training, and care that is required to prevent harm to individuals during a GreenLight Laser procedure;

e. Defendant Lamba's failure to possess or failure to exercise that degree of skill, training, and care that is required to prevent harm to individuals during a GreenLight Laser procedure;

f. Defendant Lamba's failure to inform and failure to warn of the risks involved in and associated with the Plaintiff's condition, failure to inform and warn about the treatment of said condition, and failure to inform and disclose to the Plaintiff the available alternatives to his proposed course of treatment.

g. Defendant Lamba's negligent use of surgical equipment, negligent surgical technique, negligent surgical approach, and negligent failure to use alternative surgical equipment.

26. As a direct and proximate result of the acts, omissions and negligence of Defendant Shilpa Lamba, M.D., her agents, servants, subsidiaries, employees and/or representatives or principals, and each of them, Plaintiff C. Alexander Cohen was severely and permanently injured, and suffered excruciating pain, anxiety, depression, serious mental and emotional harm resulting in physical symptoms, physical injuries, impairment and permanent disability, all to the Plaintiff's general and special damages, together with interest and costs, in an amount to be proven at trial, but within the jurisdictional limits of this Court.

**Count II**

**Negligence - Manchester Urology Associates, P.A.**

27. The Plaintiff repeats, re-alleges and incorporates by reference all allegations in the preceding paragraphs as if expressly rewritten and fully set forth herein.

28. Manchester Urology, PA is, and at all times relevant hereto was, a professional medical association organized, existing and doing business in and under the laws of the State of New Hampshire with a principal place of business at 4 Elliot Way, Suite 200, Manchester, County of Hillsborough, State of New Hampshire 03103.  At all times relevant hereto, Manchester Urology held itself out to members of the public, including the Plaintiffs, as employing skilled medical practitioners, including doctors, nurses and other healthcare providers, who were trained and specialized to render certain medical care and treatment of patients, including Plaintiff C. Alexander Cohen.

29. On or about July 27, 2017, Defendant Manchester Urology Associates, PA, directly and by and through its agents, servants and employees, rendered negligent medical care and treatment to the Plaintiff.

30. On or about July 27, 2017, Defendant Manchester Urology Associates, PA, directly and by and through its agents, servants and employees, owed a duty to the Plaintiff to render medical care and treatment in accordance with the applicable standards of care.

31. On or about July 27, 2017, Defendant Manchester Urology Associates, PA, directly and by and through its agents, servants and employees, breached its duty to the Plaintiff, including but not limited to when its agents, servants and employees negligently, carelessly, and without regard for Plaintiff's health and well-being failed to provide acceptable medical care as outlined above.

32. On or about July 27, 2017, Manchester Urology Associates, PA, directly, or its agents, servants and employees specialty, knew or should have known the risks, potential consequences and alternatives to the Defendant's choice of treatment of the Plaintiff. On or about July 27, 2017, the Defendant, by and through its agents, servants and employees, knew or should have known of the risks, potential consequences and alternatives to the Defendant's choice of treatment of the Plaintiff. The Defendant, by and through its agents, servants and employees, did not inform the Plaintiff of the alternatives to and risks and potential consequences of the Defendant's choice of treatment of the Plaintiff. If the Defendant, by and through its agents, servants and employees, had informed the Plaintiff of the alternatives to and risks and potential consequences to the Defendant's choice of treatment of the Plaintiff, neither the Plaintiff nor a reasonable person in his position would have elected the Defendant's choice of treatment. The alternatives to and the risks and potential consequences of the Defendant's choice of treatment were material to a decision by the Plaintiff and a reasonable person in his position as to whether to undergo the Defendant's choice of treatment.

33. Defendant Manchester Urology negligently failed to use reasonable care to adequately train and supervise its employees and agents, including Defendant Lamba, and negligently failed to have proper procedures and protocols in place to ensure that patients, including Plaintiff C. Alexander Cohen, would receive adequate care and would not be harmed by negligently performed surgery and medical care.

34. As a direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment rendered by Defendant Manchester Urology Associates, PA, directly and by and through its agents, servants and employees, as enumerated above,

9

Plaintiff C. Alexander Cohen was severely and permanently injured, and suffered excruciating pain, anxiety, depression, serious mental and emotional harm resulting in physical symptoms, physical injuries, impairment and permanent disability, all to the Plaintiff's general and special damages, together with interest and costs, in an amount to be proven at trial, but within the jurisdictional limits of this Court.

## Count III

### Negligence - Wentworth-Douglass Hospital

35. The Plaintiff repeats, re-alleges and incorporates by reference all allegations in the preceding paragraphs as if expressly rewritten and fully set forth herein.

36. At all times relevant to this complaint, Defendant Wentworth-Douglass Hospital is, and at all times relevant hereto was, a professional medical association, corporation, facility and hospital, organized, existing and doing business in and under the laws of the State of New Hampshire with a principal place of business at 789 Central Avenue, Dover, County of Strafford, State of New Hampshire 03820. At all times relevant hereto, Wentworth-Douglass Hospital held itself out to members of the public, including the Plaintiffs, as employing skilled medical practitioners, including doctors, nurses and other healthcare providers, who were trained and specialized to render certain medical care and treatment of patients, including Plaintiff C. Alexander Cohen.

37. On or about July 27, 2017, Defendant Wentworth-Douglass Hospital, directly and by and through its agents, servants and employees, rendered negligent medical care and treatment to the Plaintiff.

38. On or about July 27, 2017, Defendant Wentworth-Douglass Hospital, directly and by and through its agents, servants and employees, owed a duty to the Plaintiff to render

10

medical care and treatment in accordance with the applicable standards of care.

39. On or about July 27, 2017, Defendant Wentworth-Douglass Hospital, directly and by and through its agents, servants and employees, breached its duty to the Plaintiff, including but not limited to when its agents, servants and employees negligently, carelessly, and without regard for Plaintiff's health and well-being failed to provide acceptable medical care as delineated above.

40. On or about July 27, 2017, Wentworth-Douglass Hospital, directly, or its agents, servants and employees specialty, knew or should have known the risks, potential consequences and alternatives to the Defendant's choice of treatment of the Plaintiff. The Defendant, directly or by and through its agents, servants and employees, knew or should have known of the risks, potential consequences and alternatives to the Defendant's choice of treatment of the Plaintiff. On or about July 27, 2017, the Defendant, directly or by and through its agents, servants and employees, did not inform the Plaintiff of the alternatives to and risks and potential consequences of the Defendant's choice of treatment of the Plaintiff. If the Defendant, directly or by and through its agents, servants and employees, had informed the Plaintiff of the alternatives to and risks and potential consequences to the Defendant's choice of treatment of the Plaintiff, neither the Plaintiff nor a reasonable person in his position would have elected the Defendant's choice of treatment. The alternatives to and the risks and potential consequences of the Defendant's choice of treatment were material to a decision by the Plaintiff and a reasonable person in his position as to whether to undergo the Defendant's choice of treatment.

41. Defendant Wentworth-Douglass Hospital negligently failed to use reasonable care to adequately train and supervise its employees and agents, including Defendant Lamba, and

negligently failed to have proper procedures and protocols in place to ensure that patients, including Plaintiff C. Alexander Cohen, would receive adequate care and would not be harmed by negligently performed surgery and medical care.

42. As a direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment rendered by Defendant Wentworth-Douglass Hospital, directly and by and through its agents, servants and employees, as enumerated above, Plaintiff C. Alexander Cohen was severely and permanently injured, and suffered excruciating pain, anxiety, depression, serious mental and emotional harm resulting in physical symptoms, physical injuries, impairment and permanent disability, all to the Plaintiff's general and special damages, together with interest and costs, in an amount to be proven at trial, but within the jurisdictional limits of this Court.

## Count IV

### Negligence - Republic Surgical Medworx, Inc.

43. The Plaintiff repeats, re-alleges and incorporates by reference all allegations in the preceding paragraphs as if expressly rewritten and fully set forth herein.

44. Defendant Republic Surgical Medworx, Inc., owed a duty to the Plaintiff to provide equipment, including the GreenLight XPS Laser, in good, safe and effective working order, and to provide trained, skilled and qualified technicians to operate, and supervise the operation of, such equipment, directly or by and through its agents, servants and employees.

45. On or about July 27, 2017, Defendant Republic Surgical Medworx, Inc., breached its duty to the Plaintiff by negligently, carelessly, and without regard for the Plaintiff's health and well-being, in that it failed to provide equipment, including the GreenLight XPS Laser, in good, safe and effective working order, and failed to properly train its employee,

Defendant Alex Muchati, and ensure that he was skilled and qualified, and further failed to ensure that said laser and Defendant Alex Muchati would not cause severe, irreversible and debilitating injuries to Plaintiff C. Alexander Cohen, and as a direct and proximate result of Defendant Republic Surgical Medworx, Inc.'s negligence and carelessness, the Plaintiff suffered severe, irreversible and debilitating physical and emotional injuries.

46.  Defendant Republic Surgical Medworx, Inc., is further responsible for the negligent conduct of its employee, Defendant Alex Muchati, under the doctrine of <u>respondeat superior</u>.

47.  Defendant Republic Surgical Medworx, Inc., negligently failed to use reasonable care to adequately train and supervise its employees and agents, including Defendant Alex Muchati, and negligently failed to have proper procedures and protocols in place to ensure that patients, including Plaintiff C. Alexander Cohen, would receive adequate care and would not be harmed by negligently performed surgery and medical care.

48.  As a direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment rendered by Defendant Republic Surgical Medworx, Inc., directly and by and through its agents, servants and employees, as enumerated above, Plaintiff C. Alexander Cohen was severely and permanently injured, and suffered excruciating pain, anxiety, depression, serious mental and emotional harm resulting in physical symptoms, physical injuries, impairment and permanent disability, all to the Plaintiff's general and special damages, together with interest and costs, in an amount to be proven at trial, but within the jurisdictional limits of this Court.

**Count V**

**Negligence - Alex Muchati**

49. The Plaintiff repeats, re-alleges and incorporates by reference all allegations in the preceding paragraphs as if expressly rewritten and fully set forth herein.

50. Defendant Alex Muchati owed a duty to the Plaintiff to ensure that equipment, including the GreenLight XPS Laser, was in good, safe and effective working order, and that he had the knowledge, training and skill to operate, and to supervise the operation of, such equipment so that patients, including Plaintiff C. Alexander Cohen would receive safe and proper care, and not suffer injuries.

51. On or about July 27, 2017, Defendant Alex Muchati breached his duty to the Plaintiff in that he failed to recognize, or have the knowledge to recognize, his inability and lack of skill to properly and safely operate, and to supervise the operation of, the GreenLight Laser to safely treat Plaintiff C. Alexander Cohen. Defendant Alex Muchati knew, or should have known in the exercise of due care, the forseeable consequences of his inability, lack of skill, and failure to properly provide Plaintiff C. Alexander Cohen with safe and acceptable medical and surgical services.

52. As a direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment rendered by Defendant Alex Muchati, directly and by and through its agents, servants and employees, as enumerated above, Plaintiff C. Alexander Cohen was severely and permanently injured, and suffered excruciating pain, anxiety, depression, serious mental and emotional harm resulting in physical symptoms, physical injuries, impairment and permanent disability, all to the Plaintiff's general and special damages, together with interest and costs, in an amount to be proven at trial, but within the

jurisdictional limits of this Court.

WHEREFORE, the Plaintiff, C. Alexander Cohen, prays judgment against the Defendants for the above-described negligence, injuries and damage, both direct and vicarious, together with interest and costs. Plaintiffs request judgment on each and every cause of action in this Complaint against the Defendants as follows:

A. For general, special and consequential damages;

B. For pain, suffering, emotional distress, loss of quality and enjoyment of life;

C. For permanent physical injuries and disfigurement.

D. For costs of suit herein incurred and interest on any such judgment or recovery;

E. For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

The Plaintiff, C. Alexander Cohen, hereby demand a trial by jury as to all issues shown triable and a right by jury.

>
> Respectfully submitted,
> The Plaintiff,
> By his attorneys,
>
> /s/Benjamin R. Novotny
> Benjamin R. Novotny
> NH Bar ID #18041
> Trial Lawyers for Justice
> 421 W. Water Street
> 3rd Floor
> Decorah, IA 52101
> (563) 382-5071
> ben@tl4j.com

/s/Alfred T. Catalfo, III, Esq.
Alfred T. Catalfo, III
NH Bar ID #8135
Catalfo Law, PLLC
466 Central Avenue, Suite 2
P.O. Box 869
Dover, NH 03821-0869
(603) 742-7558
catalfolaw@gmail.com

July 23, 2020
