THE STATE OF NEW HAMPSHIRE

STRAFFORD, ss. SUPERIOR COURT

Docket No. 219-2020-CV-00220

C. ALEXANDER COHEN,

Plaintiff,

v.

SHILPA LAMBA, M.D., MANCHESTER UROLOGY ASSOCIATES, P.A., WENTWORTH-DOUGLASS HOSPITAL, REPUBLIC SURGICAL, INC., METWORX, INC., AND ALEX MOUCHATI,

Defendants.

## DEFENDANTS' REPUBLIC SURGICAL, INC.'S, MEDWORX, INC.'S AND ALEX MOUCHATI'S MOTION TO ABATE AND DISMISS

The defendants, Republic Surgical, Inc., Medworx, Inc., and Alex Mouchati request that this court abate and dismiss counts IV, V, and VII of the complaint because the same allegations, by the same plaintiff, against the same defendants are currently pending in U.S. District Court for the District of New Hampshire.

## I.   BACKGROUND

1. On July 23, 2020, the plaintiff filed two complaints in Strafford Superior Court. (Case Nos. 219-2020-CV-00220 ("Case #1") and 219-2020-CV-00221("Case #2")).

2. Both complaints allege that the plaintiff was injured on July 27, 2017, during a medical procedure at Wentworth-Douglass Hospital in Dover, New Hampshire. **Exhibit 1, pages 3-4, and Exhibit 2, page 1.**[1]

---

[1] Both complaints were amended to address multiple misnomers of the parties, however, the substance remains unchanged.

3. Both complaints assert, in part, that Republic Surgical, Inc., Medworx, Inc., and Alex Mouchati's negligence caused the plaintiff's injuries.[2]

4. Co-defendant Boston Scientific removed Case #2 to the U.S. District Court for the District of New Hampshire based on diversity jurisdiction. **Exhibit 3**.

5. Upon removal, Case #2 was renumbered as 1:20-CV-00943 and is still pending before the U.S. District Court. **Exhibit 3.**

## II.   STANDARD OF REVIEW

"There is no principle better settled, than that, where two or more tribunals have a concurrent jurisdiction over the same subject-matter and the parties, a suit commenced in any one of them may be pleaded in abatement to an action for the same cause in any other." Shelby v. Bacon, 51 U.S. 56, 68, (1850).

"A man shall not, at one time, be harassed and oppressed by several suits brought against him by the same plaintiff on the same cause of action." Gamsby v. Ray, 52 N.H. 513, 514 (1872).

Under New Hampshire law, "if two suits were commenced at the same time, the pendency of each might be pleaded in abatement of the other." Davis v. Dunklee, 9 N.H. 545, 545 (1838). See also Smith v. Atl. Mut. Fire Ins. Co., 22 N.H. 21, 25 (1850) ("We are of opinion, that the pendency of another action for the same cause, between the same parties, in the Circuit Court of the United States, is sufficient, if well pleaded, to abate a suit in the courts of this State, where the Circuit Court had jurisdiction of the prior cause.").

---

[2] Case #1 breaks out the allegations into three counts – one against each defendant. **Exhibit 1, Counts IV, V, and VII.** Case #2 contains one count of negligence against the "Republic Surgical Defendants." **Exhibit 2, Sixth Claim for Relief**. Case #2 defines the "Republic Surgical Defendants" as Republic Surgical, Inc. Medworx, Inc. and John Doe Nos. 6-10 and John Doe Entities Nos. 16-20 . **Exhibit 2, para 13**. Finally, Case #2 contains a single count of negligence against Mr. Mouchati. **Exhibit 2, Ninth Claim for Relief.**

"It is undoubtedly a settled principle that a party seeking to enforce a claim, legal or equitable, must present to the court, either by the pleadings or proofs, or both, all the grounds upon which he expects a judgment in his favor. He is not at liberty to split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. There would be no end to litigation if such a practice were permissible." Stark v. Starr, 94 U.S. 477, 485 (1876).

Res judicata precludes the litigation in a later case of matters actually decided, and matters that could have been litigated, in an earlier action between the same parties for the same cause of action. Meier v. Town of Littleton, 154 N.H. 340, 342 (2006). For the doctrine to apply, three elements must be met: (1) the parties must be the same or in privity with one another; (2) the same cause of action must be before the court in both instances; and (3) a final judgment on the merits must have been rendered in the first action. Meier v. Town of Littleton, 154 N.H. 340, 342, (2006).

### III. ARGUMENT

The court should abate and dismiss Counts IV, V, and VII of the complaint because 1) the piecemeal litigation strategy sought by the plaintiff is inherently unfair and vexatious on the defendants, and 2) the doctrine of res judicata will prevent the plaintiff from obtaining two judgments, therefore, allowing both cases to proceed will waste significant judicial resources.

#### A. IMPERMISSIBLE PIECEMEAL LITIGATION

The plaintiff impermissibly brought the same allegations against the same defendants for the same underlying actions in two cases. While the co-defendants are different, the allegations against the defendants in Case #1 are wholly contained within the complaint in Case #2. Indeed Count VII of Case #1 (alleging negligence by Mr. Mouchati) is repeated nearly word-for-word as the Ninth Claim for Relief in Case #2. Furthermore, Counts IV and V of Case #1 (alleging

3

negligence by Republic Surgical and Medworx) are repeated as the Sixth Claim for Relief in Case #2. The fact that the plaintiff added both Republic Surgical and Medworx into one claim for relief in Case #2 does not change the fact that it is still substantively the same allegation for negligence against the same defendants. Since these are not distinct causes of action, the plaintiff is not at liberty to split up his demand and prosecute the same claim twice. See Stark v. Starr, 94 U.S. 477, 485 (1876), Smith v. Atl. Mut. Fire Ins. Co., 22 N.H. 21, 25 (1850).

Pursuant to well established New Hampshire law, a party has a substantial right not to be harassed by multiple lawsuits for the same cause. Tinkham v. Bos. & M.R.R., 77 N.H. 111 (1913) ("The right of the defendant to be protected from harassing litigation is a substantial one."). Subjecting the defendants to multiple suits for the same claims will harass and oppress the defendants by creating a litany of extra expenses. Every aspect of the case would be duplicated, significantly increasing the cost to the defendants. For example, the plaintiff would be entitled to depose each witness twice regarding the same facts and circumstances surrounding the plaintiff's injuries. Similarly, any expert hired to testify on behalf of the defendant (or to evaluate the testimony of the plaintiff's expert) will be doubled. Not only will this situation cause additional expenses, but it will also permit the plaintiff to forum shop between the procedural and discovery rules of the U.S. District Courts and the Superior Courts of New Hampshire.

This is not a case where abatement and dismissal will leave the plaintiff without a remedy. Indeed both Case #1 and Case #2 are in their infancy, and neither party has exchanged discovery. The plaintiff will be in exactly the same position to prosecute his allegations against the defendants in U.S. District Court. Therefore, there is no reason that justice would require that the defendant's "substantial" right to be protected from multiple lawsuits to be overridden by concerns of injustice towards the plaintiff. Tinkham v. Bos. & M.R.R., 77 N.H. 111 (1913).

4

1886688v.1

## B.     Waste of Judicial Time and Resources

Litigating the same claims in two courts will not only harass the defendant, but it will also waste judicial resources and time. Played out to its conclusion, one of the two cases will be tried first, and a final judgment will be entered on the merits. At such a time, the defendant would be entitled to dismiss the second case under the doctrine of res judicata. Meier v. Town of Littleton, 154 N.H. 340, 342, 910 A.2d 1243, 1245 (2006). Indeed, even if the two cases were allowed to proceed independently, there is no scenario where the plaintiff would be entitled to two judgments for the same cause of action against the same defendants. Therefore, the dual cases will not only harass the defendants, but it will also be a significant waste of judicial resources.

Wherefore, the defendants respectfully request that the court abate and dismiss the state counts IV, V, and VII of the plaintiff's complaint.

Respectfully submitted,

Republic Surgical, Inc., Medworx, Inc. and Alex Mouchati

Dated: November 11, 2020

By Their Attorney,

MORRISON MAHONEY LLP

By: /s/ *William Joseph Flanagan*
William Joseph Flanagan, #17287
jflanagan@morrisonmahoney.com
250 Summer Street
Boston, MA 02210-1181
Phone:    617-439-7500
Fax:       617-342-4887

5

## CERTIFICATION

I hereby certify that this document filed through the Odyssey File & Serve System will be sent electronically to the registered participants as identified on the Case Service Contacts List and/or paper copies will be sent to those, postage pre-paid, indicated as non-registered participants or participants as listed below this 11th day of November 2020.

Benjamin R. Novotny, Esq.
Trial Lawyers for justice
421 W. Water Street, 3rd Floor
Decorah, IA 52101

Alfred TR. Calafo, III, Esq.
Catalfo Law, PLLC
466 Central Avenue, Suite 2
PO Box 869
Dover, NH 03821

Michael A. Pignatelli, Esq.
Adam B. Pignatelli, Esq.
Rath, Young and Pignatelli, PC
20 Trafalgar Square, Suite 307
Nashua, NH 03063

Melissa M. Hanlon, Esq.
Sullivan and Hollis
9 Capital Street
Concord, NH 03301


Greg Peters
Wadleigh, Starr & Peters
95 Market Street
Manchester, NH 03101


               /s/ *William Joseph Flanagan*

1886688v.1