STATE OF NEW HAMPSHIRE

STRAFFORD COUNTY                                                SUPERIOR COURT

C. Alexander Cohen

v.

Shilpa Lamda, M.D., Manchester Urology Associates, P.A.,
Wentworth-Douglass Hospital, Republic Surgical, Inc.,
Medworx, Inc., and Alex Mouchati

Docket No.: 219-2020-CV-00220

**ORDER ON DEFENDANTS' MOTIONS TO DISMISS**

The plaintiff C. Alexander Cohen brought this action against defendants Shilpa Lamda,

M.D., Manchester Urology Associates, P.A., Wentworth-Douglass Hospital, Republic Surgical

Inc., Medworx, Inc., and Alex Mouchati, asserting negligence claims against each.  (Court index

#1).  Defendants Republic Surgical, Medworx, and Mouchati move to abate and dismiss Counts

IV, V, and VII of the counterclaim, arguing that "the same allegations by the same plaintiff,

against the same defendants are currently pending in U.S. District Court for the District of New

Hampshire."  (Court index #21).  Cohen objects.  (Court index #31).  Also pending before the

court is defendant Mouchati's motion to dismiss for untimely and defective service, (court index

#22), to which Cohen objects, (court index #35).  The court finds a hearing is not necessary to

decide the pending issues.  See Super. Ct. Civ. R. 13(b).  Based on the parties' arguments by

pleading, the relevant facts, and the applicable law, the court finds and rules as follows.

<u>Factual Background</u>

The following facts are relevant to this motion and are undisputed unless otherwise noted.

However, these facts do not constitute factual findings that are binding upon the parties.

On July 23, 2020, the plaintiff filed two complaints with the Strafford Superior Court. (See Defs.' Mot. Dismiss ¶ 1). The cases were assigned case numbers 219-2020-CV-00220 (Case 1) and 219-2020-CV-00221 (Case 2). (Id.). Both cases alleged counts of negligence against defendants Republic Surgical, Medworx, and Alex Mouchati arising out of injuries the plaintiff allegedly sustained as a result of a medical procedure performed at Wentworth-Douglass Hospital on July 27, 2017. (Id. ¶¶ 2–3; Defs.' Exs. 1–2). Both cases also alleged additional counts against additional defendants. Thereafter, Boston Scientific Corporation, a co-defendant in Case 2, removed the case to the United States District Court for the District of New Hampshire. (Defs.' Mot. Dismiss ¶ 4; Defs.' Ex. 3). Upon removal, Case 2 was assigned docket 1:20-CV-00943 in the U.S. District Court and is presently pending before that court. (Defs.' Mot. Dismiss ¶ 5; Defs.' Ex. 3).

## Analysis

Co-defendants Republic Surgical, Medworx, and Mouchati seek abatement and dismissal of Counts IV, V, and VII of the complaint in Case 1. (See generally Defs.' Mot. Dismiss). In support of their motion, they argue that they have a right not to be harassed by multiple lawsuits for the same claims and that allowing both cases to proceed concurrently would be a waste of judicial time and resources. (Id.). The court agrees.

There is no principle better settled than that where two or more tribunals have concurrent jurisdiction over the same subject-matter and the parties, the suit commenced in any one of them may be pleaded in abatement[1] to an action for the same cause in any other. Shelby v. Bacon, 51 U.S. 56, 68 (1850); see also Rogers v. Odell, 39 N.H. 417, 418 (1859). ("The pendency of one

---

[1] "Matters in abatement of an action are raised by means of a motion to dismiss, which may be accompanied by supporting affidavits." N.H. Prac.: Civ. Pac. & Proc. § 16.28.

suit, when a second action is commenced, is good cause for a plea in abatement.").  "No person should be subjected to two actions for the same cause at the same time, and, in general, an action will be abated upon the defendant's objection that a prior suit is pending for the same cause between the same parties in a federal court or in a New Hampshire court of at least equivalent jurisdiction."  4 Richard Wiebusch, N.H. Prac.: Civ. Prac. & Proc. § 16.30 (4)(c) (collecting cases).  The New Hampshire Supreme Court has explicitly recognized "that the pendency of another action for the same cause, between the same parties, in [a] United States [federal court], is sufficient, if well pleaded, to abate a suit in the court of this State, where the Circuit Court had jurisdiction of the prior cause."  Smith v. Atlantic Mut. Fire Ins. Co., 22 N.H. 21, 25 (1850); Bellevue Properties v. Settler's R1, Inc., Carroll Cnty. Sup. Ct., 212-2008-EQ-0035, at *1 (Dec. 6, 2010) (Houran, J) ("[A]s New Hampshire liberally allows amendment, so should abatement be allowed in appropriate cases.") (citation omitted).  Although "the right of the defendant[s] to be protected from harassing litigation is a substantial one . . . [t]he question here is what, on the whole, justice requires."  Tinkham v. Bos. & M.R.R., 77 N.H. 111 (1913).

Upon review, the court finds it proper to abate and dismiss Counts IV, V, and VII based on the pendency of the suit before the U.S. District Court for the District of New Hampshire. Contrary to the plaintiff's suggestion, the defendants need not prove that the purpose of the simultaneous litigation is solely to cause annoyance in order to show their entitlement to abatement and dismissal.  (See Pl.'s Obj. ¶ 4).  Rather, the defendants merely must show that they are being subjected to two actions for the same cause at the same time.  See N.H. Prac.: Civ. Prac. & Proc. § 16.30 (4)(c); Smith, 22 N.H. at 25.  Here, the defendants have demonstrated that there are two pending suits wherein the same plaintiff—Cohen—asserts claims of negligence against defendants Republic Surgical, Medworx, and Mouchati.  Moreover, the parties do not

dispute, and the court's review of the respective complaints indicates, that the substance of the negligence counts in both lawsuits are the substantially the same.  See Smith, 22 N.H. at 25.  Nor is there any suggestion that there is doubt as to whether the plaintiff could secure his rights in the lawsuit pending before the U.S. District Court.  Cf. Tinkham v. Bos. & M.R.R., 77 N.H. at 111.

Additionally, the court is unpersuaded by the plaintiff's assertion that the infancy of this case tips the scales of justice in favor of allowing this suit to proceed contemporaneously with the case pending before the U.S. District Court.  See Adams v. Sullivan, 110 N.H. 101, 104 (1970) ("[T]he present rule is that a second suit is not to be dismissed as vexatious if justice requires otherwise.").  Here, the court determines that the justice does not otherwise require simultaneous actions, and thus the defendants' motion to abate and dismiss the counts against them is GRANTED.  See Smith, 22 N.H. at 25; Bellevue Properties, 212-2008-EQ-0035, at *1. Accordingly, Counts IV, V, VII are dismissed without prejudice.  Walker v. Day, Hillsborough Cnty. Sup. Ct. (North. Dist.), 216-2017-CV-00640, at *2 (Nicolosi, J.) (Jan. 10. 2018) (quoting Curtis v. Citibank, N.A., 226 F. 3d 133, 138 (2d Cir. 2000)).

Finally, defendant Mouchati's motion to dismiss the claims against him based upon improper service is MOOT in light of the court's decision to abate and dismiss Count VII.

Conclusion

For the foregoing reasons, the defendants' motion to abate and dismiss is GRANTED and Counts IV, V, and VII are DISMISSED WITHOUT PREJUDICE.  Defendant Mouchati's motion to dismiss for improper service is MOOT.

Date: February 6, 2021

SO ORDERED.

_Mark E. Howard_

Mark E. Howard
Presiding Justice

Clerk's Notice of Decision
Document Sent to Parties
on  02/09/2021