**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Carl Alexander Cohen</u>

    **v.**

<u>Boston Scientific Corporation et al.</u>

Case No. 20-cv-943-PB
Opinion No. 2021 DNH 074

<u>**ORDER**</u>

Alexandre Mouchati, one of the defendants in this product liability case, has moved to dismiss the plaintiff's claims against him for failure to effect service of process. Plaintiff Carl Alexander Cohen has responded by both objecting to Mouchati's motion and filing his own motion to extend the time for completion of service until March 17, 2021.

Cohen filed this case in state court on July 23, 2020. In accordance with state law, a state court judge required Cohen to serve the complaint on or before September 10, 2020. That same day, one of the other defendants removed the case to federal court. Mouchati answered the complaint on November 4, 2020 but claimed as an affirmative defense that Cohen had failed to properly serve the complaint. He thereafter continued to participate in the litigation until March 3, 2021, when he filed his motion to dismiss. Cohen responded by objecting to Mouchati's motion to dismiss, completing service on Mouchati on

1

March 17, 2021, and filing his motion to extend the service of process date.

The issue the parties ask me to resolve is governed by Fed. R. Civ. P. 4(m), which ordinarily requires a complaint to be served within 90 days after it is filed. In cases like this one that reach a federal court by removal, the 90-day period begins to run from the date of removal. 28 U.S.C. § 1448. Because this case was removed on September 10, 2020, Cohen had until December 9, 2020 to complete service on Mouchati. The record reveals that Cohen missed the mark by slightly over three months.[1]

Although Mouchati argues otherwise, Rule 4(m) allows a court to extend the service of process deadline without a finding of good cause for the extension. See Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007). Instead, in this case, Cohen need only satisfy the less demanding "excusable neglect" standard. See United States v. McLaughlin, 470 F.3d 698, 700 (7th Cir. 2006).

Here, the relevant circumstances warrant an extension of the service deadline and qualify as excusable neglect. First, Mouchati has suffered no prejudice as a result of Cohen's

---

[1] Mouchati argues that Rule 4(m) does not apply because Cohen failed to comply with the state court service of process deadline. This argument fails because the case was removed before that deadline passed.

failure to complete service by the December 9, 2020 deadline because he has been a full participant in the case since he answered the complaint on November 4, 2020.  Second, Cohen acted in good faith.  Third, although Cohen's counsel should have been more attentive to the need to complete service on Mouchati given his assertion in his answer that service had not been properly completed, counsel's failure to pursue the issue immediately is understandable given Mouchati's representation in a companion case filed in state court that the companion case could be safely dismissed because Cohen would be free to pursue his claims in the federal court action.  Finally, I note that a dismissal now without prejudice would result in subsequent litigation over whether the statute of limitations should bar the filing of a new complaint.  A dismissal that could result in the complete preclusion of Cohen's claims against Mouchati is simply too harsh a penalty for a brief delay in completing service of process.  See generally Tubens v. Doe, 976 F.3d 101, 104-06 (1st Cir. 2020); Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009).

    Mouchati's motion to dismiss (Doc. No. 36) is denied and Cohen's motion for an extension of time to complete service (Doc. No. 42) is granted.

SO ORDERED.

/s/ Paul Barbadoro
Paul Barbadoro
United States District Judge

April 16, 2021

cc: Alfred T. Catalfo, Esq.
    Anne Dieruf, Esq.
    Benjamin R. Novotny, Esq.
    Emily D. Steeb, Esq.
    Lauren Pritchard, Esq.
    Michael J. Carroll, Esq.
    Edward J. Sackman, Esq.
    William J. Flanagan, Esq.