## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

CARL ALEXANDER COHEN,

        Plaintiff,

v.

BOSTON SCIENTIFIC CORPORATION;
REPUBLIC SURGICAL, INC.;
MEDWORX, INC.;
ALEXANDRE R. MOUCHATI;
DOES 1-20, inclusive; and
DOE ENTITIES 11-20, inclusive,

        Defendants.

Civil Action No. 1:20-cv-00943

BOSTON SCIENTIFIC CORPORATION'S
MOTION TO EXCLUDE THE TESTIMONY
OF MARK GUILFORD

TO:    THE CLERK OF COURT AND ALL PARTIES OF RECORD:

**MOTION**

Under Rule 702 of the Federal Rules of Evidence, Defendant Boston Scientific Corporation moves the Court to exclude the testimony of Plaintiff's expert Mr. Mark Guilford. For and in support of its Motion to Exclude, Boston Scientific submits the below memorandum of law and any oral argument presented to this Court. Pursuant to rule 7.1(c), Boston Scientific certifies to the Court that it made a good-faith attempt to obtain a concurrence from Plaintiff for the relief sought, and a concurrence was not obtained.

**MEMORANDUM OF LAW**

Plaintiff's expert Mark Guilford offers one opinion in this matter: Plaintiff's medical bills, totaling $336,367.46, were reasonable. But Guilford only examined a portion of the medical bills as there was "insufficient information" to analyze $35,927.61 of the bills. This should not be controversial, but Guilford cannot render an expert opinion on information he did not analyze. Guilford tries to get around this shortcoming by opining the "reasonable value" of all of the bills he did analyze would be $391,070, so any total amount less than that must be reasonable. No. Guilford can only testify to the reasonability of bills he examined, and the total "reasonable value" of the bills he did examine is irrelevant to the bills he did not examine. Testimony from Guilford that the full amount of $336,367.46 was reasonable would not be based on sufficient facts or data and would not be the product of reliable principles and methods and would therefore be inadmissible under Federal Rule of Evidence 702. Boston Scientific therefore requests this Court limit Guilford's testimony to the $300,439.85 worth of bills he analyzed.

**Background**

Plaintiff retained Guilford to analyze the "reasonableness of billed charges for the medical bills" incurred by Plaintiff. (Ex. A, Guilford's Expert Rep. 1.) For each bill, Guilford sought to determine its "reasonable value." (*See id.* at Exhibit F of Rep. (p. 120).) Critically, however, he was not able to do this for every bill. He was only able to analyze $300,439.85 of the $336,367.46 in billed charges. He explained that he could not analyze $35,927.61 of the charges because there was "insufficient information" to do so. *Id.* For the bills he could analyze, he determined the "reasonable value" of the medical services provided totaled $391,070:

1

| | Total Billed Charges | Not Analyzed[1] | Analyzed Charges | Reasonable Value |
|---|---|---|---|---|
| [1] Not analyzed due to insufficient information | | | | |
| Total - All Providers & Locations | $ 336,367.46 | $ 35,927.61 | $ 300,439.85 | $ 391,070 |

*Id.* Despite not analyzing a *portion* of the bills (more than 10%), Guilford ultimately concluded that *all* of Plaintiff's bills must have been reasonable because their total was less than total "reasonable value" amount he calculated for the bills he analyzed.

## Law and Argument

An expert's testimony must be "based on sufficient facts or data." Fed. R. Evid. 702(b).[1] It is axiomatic that opinions "derived from erroneous or ***incomplete data*** are appropriately excluded." *Moussouris v. Microsoft Corp.*, 311 F. Supp. 3d 1223, 1244 (W.D. Wash. 2018) (emphasis added). Thus, federal courts routinely exclude expert testimony when an expert bases opinions on only a portion of the relevant documents. *See, e.g.*, *Esurance Prop. & Cas. Ins. Co. v. Kyle*, No. 5:19-CV-02849, 2022 WL 9993733, at *5 (N.D. Ohio Oct. 17, 2022) (excluding engineering opinion where it was based on only a portion of the available documents on the issue); *Brown v. Lewis*, No. 12-14953, 2014 WL 354007, at *3 (E.D. Mich. Jan. 31, 2014) (excluding expert testimony that police behavior was reasonable where expert only reviewed a portion of the available records on the police conduct); *Conerly Corp. v. Regions Bank*, No. CV 08-813, 2010 WL 11538005, at *5 (E.D. La. Jan. 20, 2010) (excluding portions of damages calculations where there was insufficient documents to support it).

---

[1] Under Federal Rule of Evidence 702, "an expert witness's testimony may be challenged on the grounds that the witness is not qualified to give the opinion, the opinion is not based on specialized knowledge, the opinion is not reliable, or the opinion is not relevant. *Guay v. Sig Sauer, Inc.*, No. 20-CV-736-LM, 2022 WL 2669531, at *1 (D.N.H. July 11, 2022).

Yet that is exactly what Guilford did here—he determined all of Plaintiff's bills were reasonable when he did not have sufficient information to analyze a portion of the bills. Guilford's inability to analyze $35,927.61 worth of bills—because of "insufficient information"—necessarily means he lacks a reliable basis for opining on those bills. Thus, Guilford's ultimate opinion that all of Plaintiff's bills, including the $35,927.61 of charges, were reasonable is not admissible, and his testimony must be limited to the bills for which he had sufficient information to conduct a reasonableness analysis. *See Johnson as Tr. of Martha Wood Tr. v. Cap. Offset Co., Inc.*, No. 11-CV-459-JD, 2014 WL 12910635, at *3 (D.N.H. Mar. 4, 2014) (excluding portion of expert's cost estimation where it was based on speculation rather than sufficient facts or data).

Guilford tries to get around this straightforward deficiency by opining that because the total amount of the actual bills incurred ($336,367.46) is less than the total of his calculated "reasonable value" amount for the bills he could analyze ($391,070), *all* of the bills must be reasonable. This assertion is nothing more than speculation. Whatever Guilford believes is the total "reasonable value" of the analyzed portion of medical services is irrelevant to the non-analyzed portion. In other words, just because Guilford believes the total "reasonable value" of the medical bills is more than the total actual bills, does not mean the $35,927.61 worth of bills he did not analyze were reasonable. If the jury is allowed to hear testimony from Guilford that $336,367.46 in billed charges was reasonable, they would be hearing Guilford's conjecture that $35,927.61 in charges he was unable to analyze were reasonable. But guesswork—even educated guesswork—is never admissible. *See, e.g.*, *Shreve v. Sears, Roebuck & Co.*, 166 F. Supp. 2d 378, 398 (D. Md. 2001) ("*Kumho Tire* and Rule 702 require more than an "educated guess.").

A look at a specific example highlights the improperness of Guilford's opinion. For the $145,437.60 Plaintiff incurred from Wentworth-Douglas Hospital, Guilford could not analyze

3

$13,846.77 of the charges, and could only analyze $131,590.83. (Ex. A, Guilford's Expert Rep., at Ex. F of Rep. (p. 120).) He determined the "reasonable value" of the analyzed portion was $131,063:

| | | | | |
|---|---|---|---|---|
| Wentworth-Douglass Hospital: Professional Svcs | 6,494.00 | - | 6,494.00 | 7,770 |
| Wentworth-Douglass Hospital: Steven Johnson, MD | 215.00 | - | 215.00 | 204 |
| Wentworth-Douglass Hospital | 145,437.60 | 13,846.77 | 131,590.83 | 131,063 |
| Wentworth-Douglass Hospital - 7/27/17 Surgery | 35,531.80 | - | 35,531.80 | 24,266 |
| Wentworth-Douglass Hospital - 8/4/2017 Surgery | 14,133.82 | - | 14,133.82 | 24,266 |
| Wentworth-Douglass Hospital - 10/11/17 Surgery | 16,911.76 | - | 16,911.76 | 12,104 |
| | $ 250,352.02 | $ 31,021.81 | $ 219,330.21 | $ 217,154 |

¹ Not analyzed due to insufficient information

*Id.* He lacked "sufficient information" to assess the remaining $13,846.77. Yet rather than concede the lack of data and refrain from opining about these charges, Guilford seeks to testify in the aggregate, thereby vouching implicitly for the $13,846.77 in charges he lacks sufficient information to evaluate.

Simply put, if Plaintiff seeks to have Guilford testify on the reasonableness of all the bills, then Guilford needs to have examined all of the bills. He has not done so, and his testimony must be limited to the bills he actually analyzed.[2]

### Conclusion

Boston Scientific respectfully requests this Court to exclude Guilford's opinions that all of the $336,367.46 billed charges were reasonable—his opinion must be limited to the $300,439.85 billed charges he reviewed.

---

[2] While perhaps best reserved for a motion in limine, Boston Scientific notes that if Plaintiff's own expert—who is specially qualified in this subject matter—believes there is insufficient information to analyze the reasonable of these $35,927.61 of charges, then surely a jury cannot determine these bills are reasonable. Thus, submitting these bills at all to a jury, without further information, would be improper.

4

Dated: March 8, 2023

Respectfully submitted,

*/s/ Barry J. Koopmann*
Alana K. Bassin (Admitted *Pro Hac Vice*)
Barry J. Koopmann (Admitted *Pro Hac Vice*)
NELSON MULLINS RILEY & SCARBOROUGH LLP
1600 Utica Ave. South, Suite 750
Minneapolis, MN 55416
Telephone:    (612) 464-4500
Facsimile:    (612) 255-0739
Email: Alana.Bassin@nelsonmullins.com
        Barry.Koopmann@nelsonmullins.com


Michael J. Carroll
Tara E. Lynch
GORDON & REES SCULLY MANSUKHANI, LLP
699 Walnut Street, 4th Floor
Des Moines, IA 50309
Telephone: (515) 204-2845
Facsimile: (515) 466-2710
Email: mcarroll@grsm.com
        tlynch@grsm.com

***Attorneys for Boston Scientific Corporation***


## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2023, a true and correct copy of the foregoing was filed via the Court's CM/ECF Electronic Filing service which served notice of such filing on all counsel of record in this case.

*/s/ Barry J. Koopmann*
Barry J. Koopmann

5